# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | **Case No. 2:16-cv-180-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Savage Law Firm,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the eighth of many civil actions Plaintiff recently filed in this Court, Plaintiff sues the Savage Law Firm.[1]  Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior

to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 15, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $700.00 in his bank account. (*Id*. ¶ 4). [3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶ 6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts,

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

which suggests that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id.* at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4] *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff was not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).

### B. The Complaint Fails to State a Claim, is Frivolous, and Fails to State a Basis for Subject Matter Jurisdiction

The Complaint fails to state a claim for several reasons. Plaintiff alleges three "issues" as follows: 1) "The first issue that I have with the Savage Law Firm is in the way in which I was represented with the non-extension of trial date under Donald McCune, Esq.;"  2) "The second issue that I have with Savage Law Firm is with Cameron Blazer, Esq., violating my HIPPA rights

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is appropriate.

on the 21st of November, 2016;" and 3) "The last thing that I have an issue with concerning Savage Law Firm is with the withholding of court documents and evidence in order to stop a federal, state, or local process from moving forward." (DE# 1 at 5-6).

Plaintiff appears to be alleging a claim of legal malpractice, but has not shown any basis for federal question jurisdiction. He has not shown that any federal question is at issue, nor has he shown any basis for federal diversity jurisdiction. Even if Plaintiff's Complaint is liberally construed as attempting to sue the Savage Law Firm under 42 U.S.C. § 1983, such claim would be subject to summary dismissal because purely private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The Complaint does not allege that such defendant acted "under color of state law." *See DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Private activity is generally not "state action." *Id*. at 507.

Although Plaintiff appears to allege violation of the Health Insurance Portability and Accountability Act ("HIPAA"), it is well-settled that such statute does not provides a private right of action to individuals. *See, e.g., Yarborough v. King,* 2011 WL 5238920, *5 (D.S.C. October 3, 2011), *adopted by* 2011 WL 5151757 (D.S.C., Oct. 31, 2011) (summarily dismissing complaint for failure to state a claim); *Mallgren v. Burkholder*, 52 F.Supp.3d 490 (E.D.N.Y. Oct. 8, 2014) (same). HIPAA regulations are enforceable by the Secretary of Health and Human Services, and do not provide a private cause of action to individuals. 42 U.S.C. § 1320d–6(a)(2). Plaintiffs' Complaint therefore fails to state a claim against the defendant.

Moreover, the Complaint's allegations are nonsensical and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these

various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). For example, Plaintiff complains (in his own words):

> I had clearance to travel from the 9th Solicitors District to Russia, England, and Japan. This would have allowed the trial date to be extended out until I was able to return under Japanese Immigration law mandates with the 19,000.00 USD in Japanese Yen that I held. Either Mr. McCune refused to do this, or the SC Judicial District refused to recognize the US State Department notice that there was an issue with my travel. I was then deported after the issue with no US State Department documentation, and no explanation by the US Embassy in Tokyo, Japan as to what was going on. As the US Embassy in Tokyo, Japan had refused to bring two consulate officers to sign a power of attorney for my family to pay my real estate taxes and bills. This was a non-compliance abandonment of the US Embassy towards myself, and I started using my USAF SERE training to contact the United Nations in Geneva for in country support as North Korea was starting its ramp up against Japan. This is seen as the Japanese Self Defense Force was placing Patriot missile batteries around Tokyo in the Shinbun newspaper.

(DE# 1 at 4). Plaintiff also claims to have been "in contact with the CIA in Tokyo, Japan when the Japanese Immigration officers started talking to me about espionage from writing the Emperor of Japan for assistance with Japanese officials over my Prussian/Bavarian/Hessian/Swiss name. I do not think that writing these people are (sic) an unusual thing to do to warrant an emergency." (*Id*. at 5). Plaintiff's Complaint is factually and legally frivolous, fails to state a claim against the defendant, lacks any basis for federal jurisdiction, and should be summarily dismissed.

Finally, the *pro se* Plaintiff seeks relief that is not available or appropriate. (DE# 1 at 8, "What I Would Like the Court to Do"). For example, he asks the Court "to prosecute Savage Law Firm." This Court hears cases, it does not "prosecute" parties on behalf of another party. Plaintiff miscomprehends the function of the Court. Additionally, Plaintiff indicates that "If the court awards in my favor I would like to have the amount placed into a direct wealth management account with JP Morgan in New York City" and also wants large sums of money to be given to

various charities and religious organizations (i.e. the Vatican, the Church of England, Navy Seal Foundation, Green Beret Foundation, and British Special Air Service Foundation).

## III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).